UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

# LETTER OPINION

December 13, 2010

Mr. Joseph K. Jones
Law Offices of Joseph K. Jones, LLC
375 Passaic Avenue, Suite 100
Fairfield, NJ 07004
*Attorney for Plaintiff*

Mr. Richard J. Perr
Fineman, Krekstein & Harris, PC
Mellon Bank Center
1735 Market Street, Suite 600
Philadelphia, PA 19103-7513
*Attorney for Defendants*

Ms. Kellie A. Lavery
Reed Smith, LLP
136 Main Street, Suite 250
Princeton, NJ 08543
*Attorney for Defendant, LVNV Funding, LLC*

    Re:   *DeFazio, et al v. Leading Edge Recovery Solutions, LLC et al.*
            Case No. 2:10-cv-02945-WJM-MF

Dear Litigants:

    This matter comes before the Court on the motion to dismiss of Defendant LVNV Funding, LLC ("LVNV" or "Defendant") for failure to state a claim upon which relief

may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, the motion is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to LVNV Funding, LLC.

## BACKGROUND

Plaintiff, Lori DeFazio, on behalf of herself and all others similarly situated, brings this Complaint arising from Defendants', LVNV Funding, LLC (hereinafter "LVNV") and Leading Edge Recovery Solutions, LLC (hereinafter "LERS"), alleged violation of 15 U.S.C. §1692, *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. *See DeFazio, et al v. Leading Edge Recovery Solutions, LLC, et al*, No. 10-2945, Document No. 1 (Compl. at ¶12). The Complaint alleges that on or before November 27, 2009, LVNV acquired from GE Capital a debt allegedly owed by Plaintiff to GE Capital and assigned it to LERS for the purpose of collections. (*Id*. at ¶¶15-16.) At that time, Plaintiff received a collection letter from LERS demanding payment of $1,929.13 for the alleged debt. (*Id*. at ¶17.) Later, on or before April 13, 2010, Plaintiff received another collection letter from LERS demanding payment of $2,039.00 for the same alleged debt as set forth in the November 27th letter. (*Id*. at ¶18.)

Now, Defendant LVNV brings this 12(b)(6) motion to dismiss Plaintiff's Complaint for failure to state a claim. *Id.* at Document No. 7 (Mot. to Dismiss). LVNV bases its motion on three arguments. First, Plaintiff's Complaint fails to meet the 12(b)(6) pleading standard as controlled by *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). Second, Plaintiff's Complaint lacks any legal basis because Defendant LVNV contends that it is not a "debt collector" subject to potential liability under the FDCPA. Third, Plaintiff's Complaint lacks any factual basis since the collection letters were sent by Defendant LERS, not LVNV. *Id*. Plaintiff has filed a memorandum opposing LVNV's motion to dismiss. *Id*. at Document No. 12 (Br. in Opp'n). Plaintiff contends that the Complaint is sufficient, that LVNV is in fact a "debt collector" subject to liability under the FDCPA, and that LVNV is vicariously liable for the actions of LERS. *Id*. Thus, the issues are: 1) whether Plaintiff's Complaint meets the 12(b)(6) pleading standard described in *Twombly*, 2) whether LVNV is a "debt collector" subject to liability under the FDCPA and 3) whether LVNV can be held vicariously liable for letters sent by LERS. These issues are addressed in turn.

## ANALYSIS

### 1.    Legal Standard

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F. 3d 478, 483 (3d Cir. 1998). When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 f.2d 1192, 1196 (3d Cir. 1993). If after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears that no relief could be granted "under any set of facts that could be proved consistent with the allegations," a court may dismiss a complaint for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Although a complaint does not need to contain detailed factual allegations, "the 'grounds' of [the plaintiff's] 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965. In other words, the United States Supreme Court has admonished that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In *Iqbal*, the Supreme Court outlined the analytical framework for evaluating the sufficiency of a claim under the standards announced in *Twombly*, holding that "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'." *Id*. (quoting *Twombly*, internal citations omitted). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level. *Twombly*, 127 S. Ct. at 1964-65. Furthermore, although a court must view the allegations as true in a motion to dismiss, it is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F. 3d 187, 211 (3d Cir. 2007).

**A. It is unclear whether Defendant LVNV is a "debt collector" under the FDCPA, thus the Complaint does not meet the *Twombly* standard**

The FDCPA applies only to "debt collectors," not "creditors." 15 U.S.C. §1692a(6); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F. 3d 379, 403 (3d Cir. 2000); *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980). The FDCPA defines a "debt collector" as:

> Any person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. §1692a(6). "Creditor" is defined as:

> Any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a ***debt in default*** solely for the purpose of facilitating collection of such debt for another.

15 U.S.C. §1692a(4). (*Emphasis added*). Moreover, a ***"debt collector" does not include*** any person collecting or attempting to collect any debt owed or due or asserted to owed or due another to the extent such activity concerns a debt *which was not in default* at the time it was obtained by such person. 15 U.S.C. §1692a(6)(F)(iii); *FTC v. Check Investors, Inc.*, 502 F. 3d 159, 171-175 (3d Cir. 2007). (*Emphasis added*). Although the Complaint conclusively states that LVNV is in the business of collecting debt and is a "debt collector" as defined by 15 U.S.C. §1692a(6), it fails to state whether LVNV is in fact a debt collector as to Plaintiff's alleged individual debt specifically. *See DeFazio, et al v. Leading Edge Recovery Solutions, LLC, et al*, No. 10-2945, Document No. 1 (Compl.). Therefore, one of the questions that needs to be determined is whether Plaintiff's alleged debt owed to GE Capital was already in default at the time LVNV acquired the debt.

      Additionally, Plaintiff's Complaint alleges that "LVNV is primarily in the business of acquiring and/or collecting debts that are allegedly due to another and is therefore a 'Debt Collector' as that term is defined by 15 U.S.C. 1692a(6)." *Id*. at ¶10. This statement is not sufficient to identify LVNV as a debt collector. This is a formulaic recitation of the first sentence of the definition of "debt collector," which is precisely what *Iqbal* and *Twombly* advise against. This Court is not finding that LVNV is a "debt collector" based solely on Plaintiff's statement in her Complaint that LVNV is a "debt collector." This is an unsupported conclusion disguised as a factual allegation. Whether LVNV is a "debt collector" as defined by the FDCPA is a question of law. *Pollice*, 225 F. 3d at 379. However, this Court has not heard sufficient factual allegations that support whether LVNV is a "debt collector" or a "creditor" beyond a mere speculative level. For example, the Complaint does not state the principal purpose of LVNV's business, how often LVNV collects debts due to third parties in its regular business practice, how long it has been doing so, etc. Furthermore, there are no factual allegations in the Complaint as to where the debt in question originated from or as to the status of the debt owed to GE Capital at the time the debt was acquired by LVNV. The Plaintiff did not state in the Complaint whether the alleged debt owed to GE Capital was already in default at the time LVNV acquired the debt or any other factual allegations to support Plaintiff's contention that LVNV is a debt collector for the purposes of this case. These are all questions of fact, not of law. Thus, this Court cannot determine whether LVNV is a debt collector

subject to liability under the FDCPA at this time; therefore, the Complaint is dismissed for failure to meet the pleading standard described in *Twombly*.

**B. It is unclear whether LVNV can be held vicariously liable based on letters sent by LERS**

The conduct Plaintiff complains of states the following:
> On or about November 27, 2009, Plaintiff received a collection letter from LERS. Upon receipt Plaintiff read said letter. Said letter demanded payment of $1,929.13, for the alleged debt. A copy of said letter is annexed hereto as Exhibit A.
> On or before April 13, 2010, Plaintiff received a collection letter from LERS. Upon receipt Plaintiff read said letter. Said letter demanded payment of $2,039.00, for the same alleged debt as set forth in the letter of November 27, 2010. A copy of said letter is annexed hereto as Exhibit B.

*Id*. at ¶¶17 and 18. Even though LVNV was identified on these letters as a "creditor," this alleged conduct was done by LERS, not LVNV. *See* Exhibits A and B attached to the Complaint. Defendant LVNV asserts that it cannot be held liable for violating the FDCPA based on letters it did not send. *Id.* at Document No. 7 (Mot. to Dismiss). The Plaintiff contends that LVNV should be held vicariously liable for violating the FDCPA based on letters sent on its behalf by LERS. *Id.* at Document No. 12 (Br. in Opp'n). The Third Circuit has recognized that there are federal cases supporting a claim for vicarious liability under the FDCPA in certain circumstances. *Pollice*, 225 F. 3d. When considering vicarious liability between debt collectors, the United States Court of Appeals in *Pollice* found, "[t]hat is a fair result because an entity that is itself a 'debt collector'-and hence subject to the FDCPA-should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf." *Id.*, at 405-406. "[A]n entity that itself falls within the FDCPA's definition of 'debt collector' may be found vicariously liable for unlawful collection activities carried out by another on its behalf." *Sankowski v. Citibank (South Dakota), N.A.*, No. 06-CV-02469, 2006 WL 2037463, at *2 (E.D. Pa. July 14, 2006). In *Schutz v. Arrow Financial Services, LLC*, 465 F.Supp.2d 876, 876 (N.D. Illinois 2006), the court agreed with the *Pollice* court, "that a debt collector may be held vicariously liable for the actions of a second debt collector working as an agent for the first." As previously discussed, this Court does not find that LVNV is a "debt collector" based alone on the fact that the Complaint contains a conclusory statement that named LVNV as a "debt collector." Moreover, for the same reasons, this Court does not find that LVNV is a "creditor" based alone on the fact that the letters identified LVNV as a "creditor."

In the instant case, for reasons outlined above, it is unclear on the face of the Complaint whether LVNV is a "debt collector" as defined by the FDCPA. As such, this

5

Court cannot determine if both Defendants are debt collectors in order for vicarious liability to apply.

**CONCLUSION**

    For the reasons stated above, Defendant LVNV's motion to dismiss pursuant Fed. R. Civ. P. 12(b)(6) is hereby **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to LVNV Funding, LLC.  An appropriate order follows.


    /s/William J. Martini
    **WILLIAM J. MARTINI, U.S.D.J.**