## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORI DEFAZIO, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br><br>LEADING EDGE RECOVERY SOLUTIONS, LLC; LVNV FUNDING, LLC; AND JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No: 2:10-cv-02945 WJM-MF<br><br>**CIVIL ACTION**<br><br>**FIRST AMENDED<br>CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, LORI DEFAZIO, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, LEADING EDGE RECOVERY SOLUTIONS, LLC, (hereinafter "LERS"), LVNV FUNDING, LLC (hereinafter "LVNV") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

### PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the County of Essex, State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      LERS is a foreign limited liability company with its executive offices located at 5440 N. Cumberland Avenue, Suite 300, Chicago, IL 60656.

8.      Upon information and belief, LERS is primarily in the business of acquiring and/or collecting debts that are allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

9.      LVNV is a foreign limited liability company with its executive offices located at 15 South Main Street, Suite 600, Greenville, South Carolina 29601.

10.      Upon information and belief, LVNV regularly conducts business nationwide and is in the business of acquiring and collecting already defaulted debts from creditors.  More specifically, LVNV acquired from GE Capital the defaulted debt allegedly owed by Plaintiff to GE Capital, after said debt was *already in default* and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

11.    John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

### CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

13.    This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*.

- The Class period begins one year to the filing of this Action.

14.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a.  Whether the defendants violated various provisions of the FDCPA including but not limited to:

      15 U.S.C. §§1692g(a)(1) and 1692e(10);

  b.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- 4 -

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **STATEMENT OF FACTS**

15.     Prior to November 27, 2010, GE Capital made an offer to extend credit to Plaintiff for her personal use.

16.     Prior to November 27, 2010, Plaintiff accepted said offer of credit from GE Capital.

17.     Prior to November 27, 2010, Plaintiff defaulted on her consumer account owed to GE Capital.

18.     On or before November 27, 2009, LVNV acquired from GE Capital the already defaulted account owed by Plaintiff to GE Capital.

19.     Prior to acquiring Plaintiff's defaulted account from GE Capital, LVNV never made an offer to extent credit to Plaintiff and Plaintiff never applied for credit with LVNV.

20.     More specially, all offers to extend credit, which resulted in the underlying defaulted account with GE Capital, were made by GE Capital.

21.     On or before November 27, 2009, LVNV assigned the defaulted debt to LERS for the purpose of collections.

22.     On or about November 27, 2009, Plaintiff received a collection letter from LERS. Upon receipt Plaintiff read said letter.  Said letter demanded payment of $1,929.13, for the alleged debt. A copy of said letter is annexed hereto as **Exhibit A.**

23.     On or before April 13, 2010, Plaintiff received a collection letter from LERS. Upon receipt Plaintiff read said letter.  Said letter demanded payment of $2,039.00, for the same alleged debt as set forth in the letter of November 27, 2010. A copy of said letter is annexed hereto as **Exhibit B.**

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g *et seq.*

24.     Plaintiff repeats the allegations contained in paragraphs 1 through 23 as if the same were set forth at length.

25.     Collection letters and/or notices such as those sent by Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26.     Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

27.     Section 1692g(a)(1) of the FDCPA requires the debt collector to:

> "Within five days after the initial communication with a
> consumer in connection with the collection of any debt…
> send the consumer a written notice containing --- the
> amount of the debt."

28.     The amounts charged to the defaulted account by Plaintiff were for purchase of goods and services incurred primarily for personal, family or household purposes.

29.     The defaulted amount due on the account, therefore, is a "debt" within the meaning of 15 U.S.C. §1692a(5).

30.     Because LVNV acquired the alleged debt from GE Capital after it was already in default, pursuant to 15 U.S.C. §1692a(g)(f)(iii), LVNV is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

31.     Defendants violated Section 1692g(a)(1) of the FDCPA by failing to inform Plaintiff in its initial communication that the amount of the alleged debt was subject to increase due to interest continuing to accrue on the unpaid principal balance. *See* **Exhibit A.**

32.     Plaintiff suffered damages when Defendants failed to provide language in the initial communication, informing Plaintiff that the amount of the alleged debt could increase over time due to the interest continuing to accrue on the unpaid principal balance.

33.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

34.     Plaintiff repeats the allegations contained in paragraphs 1 through 33 as if the same were here set forth at length.

35.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

37.     Defendants violated Section 1692e(10) by falsely stated the amount of the alleged debt.

38.     Plaintiff suffered damages when Defendants falsely stated the amount of the alleged debt in the initial communication, which she read upon receipt.

39.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)     Awarding Plaintiff and the Class statutory damages;

(e)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
          December 13, 2010

                              *s/ Joseph K. Jones*_____
                              Joseph K. Jones, Esq. (JJ5509)
                              Law Offices of Joseph K. Jones, LLC
                              375 Passaic Avenue, Suite 100
                              Fairfield, New Jersey 07004
                              (973) 227-5900 telephone
                              (973) 244-0019 facsimile
                              jkj@legaljones.com

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

<u>*s/ Joseph K. Jones*_____</u>
Joseph K. Jones, Esq.

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 13, 2010

<u>*s/ Joseph K. Jones*_____</u>
Joseph K. Jones, Esq.